```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
CHEN ZHAO, et al.                                           :
                                      Plaintiffs,           :
                                                            :                18 Civ. 4734 (LGS)
                -against-                                   :
                                                            :                     ORDER
MATSU FUSION RESTAURANT, INC., et al.,                      :
                                      Defendants.           :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

    WHEREAS, on January 15, 2019, the parties refiled their *Cheeks* materials.  It is hereby

    **ORDERED** that the settlement agreement is **APPROVED** as fair and reasonable based on the nature and scope of Plaintiffs' claims and the risks and expenses involved in additional litigation.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206–07 (2d Cir. 2015); *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335–36 (S.D.N.Y. 2012) (outlining the factors that district courts have used to determine whether a proposed settlement is fair and reasonable). It is further

    **ORDERED** that Plaintiffs' counsel's request for $49,779.44 in attorneys' fees and $661.67 in costs is **GRANTED**.  The attorneys' fees award is less than the lodestar calculation and is approximately one-third of the settlement.  The Court finds this amount to be fair and reasonable in light of the quality of counsel, risks of litigation and the litigation's magnitude and complexity.  *See Hui Luo v. L & S Acupuncture, P.C.*, 649 Fed. App'x 1, 2 (2d Cir. 2016) (summary order) (stating that the lodestar is the presumptively reasonable fee, particularly in fee shifting cases, such as those under FLSA, where the financial recovery is likely to be small); *Perez v. AC Roosevelt Food Corp.*, 744 F.3d 39, 44 (2d Cir. 2013) (acknowledging precedent that "the lodestar -- the product of a reasonable hourly rate and the reasonable number of hours required by the case -- creates a presumptively reasonable fee."); *Millea v. Metro-N. R. Co.*, 658

F.3d 154, 166–67 (2d Cir. 2011).  The remainder of the settlement shall be distributed to Plaintiffs.

The Clerk of Court is respectfully directed to close the motion at Docket No. 35 and close the case.

Dated: January 16, 2019
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

2